**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1393
_____

UNITED STATES OF AMERICA


v.

DAVID MORILLO CRUZ,
                                        Appellant


_____

On Appeal from United States District Court
for the Eastern District of Pennsylvania
(District Court No. 2-13-cr-00197-002)
District Judge: Honorable Paul S. Diamond
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 24, 2019
_____

Before: McKEE, SHWARTZ, and FUENTES, *Circuit Judges*.

(Opinion filed: August 5, 2019)

_____

OPINION*

---

* This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

McKEE, *Circuit Judge*.

David Morillo Cruz appeals the consecutive sentence that was imposed following his guilty plea.  Because the district court was under no obligation to make the sentence for his conviction concurrent with the sentence he received for unrelated convictions from the Southern District of New York, we will affirm.

The district court exercised jurisdiction pursuant to 18 U.S.C. § 3231.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291.  Although parsimony is an important sentencing principle, 18 U.S.C. § 3584 forecloses Cruz's attack on his consecutive sentence. The statute provides, "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."[1] The court here did not order that the sentence run concurrently, and Cruz does not argue to the contrary.  Moreover, consecutive sentences are a proper exercise of a court's discretion, even when the cases involve similar circumstances.[2]

Cruz was sentenced to 72 months incarceration in the Southern District of New York for a violation of 21 U.S.C. §§ 846 and 841(a)(1) in 2016.[3]  The court here did not abuse its discretion because the New York sentence was imposed before the sentence he is now appealing.  There is no argument that the court here imposed an illegal sentence and we see nothing to suggest that the sentence was illegal or prohibited by statute.  The consecutive sentence was also within the court's discretion in this case, where the drug

---

[1] 18 U.S.C. § 3584(a).
[2] *See United States v. Oser*, 107 F.3d 1080, 1086–88 (3d Cir. 1997).
[3] *United States v. Payano,* Crim. No. 13-070 (S.D.N.Y.).

offense involved different drug types and quantities, occurred at a different time and location, and involved different co-defendants.[4]  Moreover, the Southern District of New York informed Cruz of the possibility of a consecutive sentence prior to accepting his guilty plea.[5]

Accordingly, we will affirm the judgment of sentence.

---

[4] *See* 18 U.S.C. § 3584(b) (advising courts to apply 18 U.S.C. § 3553(a) factors to determine whether a sentence should be imposed consecutively or concurrently); U.S.S.G. § 5G1.3**; App. 46; Supp. App. 42, 47, 74; PSR ¶¶ 5, 9-10, 12**.

[5] *See* Supp. App. 69-70 (advising Mr. Cruz that, "it may be that you are sentenced in those two cases together or it may be that you are not. But, you should understand that in theory, the sentence you receive in this case could be imposed to run consecutive to the sentence that you receive in that case or vice versa. Which means that any time you receive in this case could be added on to the end of your sentence in that case or any sentence you receive in that case could be added on to any sentence you receive in this case.").